Chief Justice Robertson,
delivered the opinion "of the court.
This is a suit in chancery, by a surety in a replevin bond, to enjoin a fieri facias on the bond for other relief, on the ground that the principal sum had been made on a former execution, for that alone, but which was afterwards quashed, and that the last execution was issued by the clerk without authority.
The court did right, when it dismissed the bill and dissolved the injunction. There was no semblance of 'equity against Mrs. White. She had 'done nothing which could have the effect of releasing the plaintiff from the judgment7; and the last execution was credited with all except the interest.
Error to decree damages ' upon dissolution of injunction, without ascertaining the amount.
Mills and Brown, for plaintiff; Hanson, for defendant.
Nor does it appear, that Arnold acted without authority. But if he did so act in issuing the execution, its enforcement should not, on that ground alone, he in-joined, because Mrs. White, the creditor, approved and ratified the act of the clerk, in issuing the execution.
As against Arnold, (the clerk,) there is no equity in the bill.
1st. Because his act (in issuing the execution) was not illegal.
2d. If it he illegal, the remedy is execlusively legal as against him.
But the circuit court erred in its decree for damages on the dissolution of the injunction.
1st. The decree has not ascertained the amount of the 10 per cent.
2d. Only a small part of the original judgment had been injoined; and nevertheless) the decree gives 10 per cent on the whole amount of the judgment.
Wherefore, the decree, dissolving the injunction, and dismissing the hill is affirmed; hut the decree for the damages is reversed, and the cause remanded, in order that a decree may be entered in the proper manner and for the right amount. There will heno judgment for costs.